MARK J. BENNETT 2672
ATTORNEY GENERAL
STATE OF HAWAII

MICHAEL S. VINCENT 5871
REESE R. NAKAMURA 4822
DEPUTY ATTORNEYS GENERAL

**DEPARTMENT OF THE ATTORNEY GENERAL**
STATE OF HAWAII
425 QUEEN STREET, ROOM 212
HONOLULU, HAWAII 96813
TELEPHONE: (808) 586-1100
FACSIMILE: (808) 586-1237

Attorneys for PLAINTIFF
STATE OF HAWAII, DEPARTMENT OF
HUMAN SERVICES

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re BELINDA LEE ANDERSON,<br><br>Debtor.<br><br>STATE OF HAWAII<br><br>Plaintiff,<br><br>vs.<br><br>BELINDA L. ANDERSON,<br><br>Defendant. | Case No. 07-01049<br><br>Adv. Proc. No. 08-90002<br><br>Chapter 7<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW<br><br>Date: November 24, 2008<br>Time: 9:30 AM<br>Judge: Robert J. Faris |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on for a trial on the merits on November 24, 2008, before the Honorable Robert J. Faris. The Court, having considered the evidence and arguments of counsel, makes the following Findings of Fact and Conclusions of Law.

I. <u>FINDINGS OF FACT</u>

1. Plaintiff State of Hawaii, Department of Human Services ("Plaintiff"), is an executive department of the State of Hawaii, as provided in Section 26-14, Hawaii Revised Statutes, authorized to administer programs designed to improve the social well-being and productivity of the people of the State to include administration of programs for child and adult welfare and economic assistance.

2. Plaintiff administers the Temporary Aid to Needy Families (hereinafter "TANF") program for the State of Hawaii. Plaintiff also administers welfare programs for food stamps and medical coverage.

3. Defendant Belinda L. Anderson ("Defendant Anderson"), while a resident of the State of Hawaii, fraudulently obtained $19,674.00 in public assistance from February 1, 1993 through May 31, 1996.

4. A lawsuit to recover the fraudulently obtained funds was filed on behalf of the State of Hawaii.

5. The lawsuit was entitled <u>State of Hawaii vs. Belinda L. Anderson</u>, S.P. No. 99-018K, Circuit Court of the Third Circuit, State of Hawaii.

6. Subsequently, the parties to the lawsuit entered into a "Stipulation and Entry of Judgment" dated May 3, 1999 in the amount of $19,674.00. <u>See</u> Trial Exhibit No. 1.

7. The original stipulated amount of $19,674.00 was later reduced by $402.00 through Plaintiff's various recoupments of Defendant Anderson's welfare and food stamp benefits. Therefore, Defendant Anderson's current obligation to Plaintiff is $19,272.00.

8. Since the Stipulation and Entry of Judgment was entered on May 3, 1999, in the last nine (9) years to the present, Defendant Anderson has not made significant progress in reducing her obligation to the State.

9. On October 10, 2007, Defendant Anderson filed a Notice of Chapter 7 Bankruptcy herein.

10. This Court has jurisdiction over this adversary proceeding brought by Plaintiff pursuant to 11 U.S.C. §523 and to Rule 7008, Federal Rules of Bankruptcy Procedure.

11. This is a core proceeding because it relates to the determination of dischargeability of particular debts and/or involves an objection to discharge.

12. Defendant Anderson's obligation of $19,272.00 to Plaintiff is: (a) an obligation owed to a state; (b) which is in the nature of support; and (c) which is enforceable under Subchapter IV of the Social Security Act (42 U.S.C. §601 et. seq.).

II. CONCLUSIONS OF LAW

1. Defendant Anderson's obligations under the Stipulation and Entry of Judgment are not dischargeable in bankruptcy.

2. Defendant Anderson's $19,272.00 outstanding balance is due and owing to Plaintiff and is not dischargeable under 11 U.S.C. §523(a)(2)(A) because the restitution debt is a debt for money obtained by "false pretenses, a false representation,

or actual fraud, other than a statement respecting the debtor's or an insider's financial condition".

3. Plaintiff is entitled to a judgment that Defendant Anderson's obligations to Plaintiff under the Stipulation and Entry of Judgment are not dischargeable under 11 U.S.C. §523.

DATED: Honolulu, Hawaii, DEC 1 0 2008

~~JUDGE OF THE ABOVE-ENTITLED COURT~~

UNITED STATES BANKRUPTCY JUDGE